UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT, | No.  2:25-cv-3589 DAD SCR PS |
| Plaintiff, | |
| v. | ORDER |
| GLORIA VASQUEZ, GLENDA LOPEZ, MIKE MILLER, GEORGE MCGINNIS, BEATRICE QUINONEZ, et al, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by operation of Local Rule 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

Upon screening the First Amended Complaint ("FAC"), however, the undersigned finds that its claim under the Americans with Disabilities Act ("ADA") is barred by the doctrine of *res judicata*.  The FAC also fails to state a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act or 42 U.S.C. § 1983.  The undersigned grants plaintiff leave to amend the FAC, but only as to her RICO and § 1983 claims to the extent that they are not barred by either the statute of limitations or claim and issue preclusion.

////

1

## I.    LEGAL STANDARD

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

2

(1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.    COMPLAINT AND MOTION

### A.  Factual Allegations

Plaintiff commenced this action on December 12, 2025, and filed the FAC on January 20, 2026. ECF Nos. 1, 3. The FAC asserts that in 2014 plaintiff was an employee of the California Department of Motor Vehicles ("DMV") suffering from asthma and post-traumatic stress disorder ("PTSD"). ECF No. 3 at 10-11. She therefore requested reasonable accommodations with supporting documentation. *Id.* at 11. Rather than engage in the interactive process required under the ADA, DMV management began a pattern of escalating retaliation, harassment, surveillance, and adverse employment actions. *Id.* at 11.

Meanwhile, in 2015 or 2016, Plaintiff discovered a CoBen/Flex benefits overpayment scheme across state agencies. *Id.* Records across several years showed that employees would enroll in Medicare or other publicly funded medical coverage programs, yet they would also apply for and receive cash reimbursements for declining state-provided insurance. *Id.* Plaintiff reported these discrepancies as misuse of public funds and potential violations of payroll, benefits, and funding regulations. *Id.* Defendants concealed Plaintiff's complaint, failed to refer the matter for audit, and instead retaliated against her. *Id.* at 11-12. Concealing the substance of

Plaintiff's complaint kept her from pursuing whistleblower protections or remedies under applicable statutes. *Id.* at 12.

The DMV also retaliated against Plaintiff for reporting that her coworker, Defendant Kavin Umstead, physically assaulted her on June 8, 2016. *Id.* at 12. Defendants Glenda Lopez and Gloria Vasquez signed the incident report and DMV-I injury report documenting Plaintiff's allegations. *Id.* at 20-21, 26, 30, 34. Another employee, Defendant Cynthia Covington, sexually harassed Plaintiff, and Plaintiff reported this incident as well. *Id.* at 22. Superiors chose not to conduct a meaningful investigation, preserve evidence, or take protective or corrective action as to either complaint. *Id.* at 12, 22. The incidents were instead minimized, and Plaintiff was subjected to retaliatory discipline, isolation, loss of training opportunities, and other adverse employment actions. *Id.* at 12, 22.

Based on this alleged pattern of discrimination, harassment, retaliation, assault, and related misconduct, plaintiff filed complaints with both the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") in 2016. *Id.* Defendant Katie Musquez was the DFEH or Equal Employment Opportunity ("EEO") investigator in charge of these complaints. *Id.* at 6. The investigation, however, was largely controlled by the EEO office located within DMV headquarters and by personnel implicated in the submitted reports, like Defendants Mike Miller and Cheryl Corona. *Id.* at 12-13, 23, 28, 32. Whereas Plaintiff was denied access to investigative materials, findings, and communications, DMV officials were allowed to submit statements on their own behalf. *Id.* at 13. These statements denied any knowledge of assault, harassment, or retaliation, despite Plaintiff's evidence to the contrary, and became the basis for denying Plaintiff's claims. *Id.*

In February 2017, Plaintiff reported computer tampering, digital interference, harassment, retaliation, payroll fraud, and related misconduct to various federal oversight bodies. *Id.* Plaintiff's complaint included specific examples of loss or alteration of electronic records, interference with her computer access, and retaliation following her disclosures. *Id.* Defendant Janell Johnson was among the DMV personnel who interfered with Plaintiff's computer access and communications to prevent Plaintiff from documenting misconduct, communicating with

4

oversight bodies, or preserving evidence. *Id.* at 22.  By 2019, Plaintiff had also filed reports of both sexual harassment and assault with both the DMV Investigations Division and the Sacramento Police Department. *Id.* at 14.  No investigation into any of these complaints occurred, allowing evidence to spoil while denying Plaintiff "equal access" to law enforcement services. *Id.* at 13-14.

Upon receiving a right to sue notice from the EEOC and DFEH, Plaintiff filed a federal civil-rights action in January 2016. *Id.* at 14.  She allegedly later discovered that this complaint was refiled in January 2018 without any action taken on the original complaint. *Id.*  She further discovered by the end of January 2019 that her attorney removed defendants and claims from the complaint without asking her, and she sought correction of the pleadings. *Id.*  Throughout 2022 and 2023, Plaintiff filed multiple requests for hearings and discovery, along with evidence demonstrating assault, retaliation, and suppression of evidence. *Id.* at 14-15.  Plaintiff's counsel filed a motion to withdraw as her attorney in December 2022, which the court granted in March 2023 despite Plaintiff's objections and known disabilities. *Id.* at 15.

Throughout this litigation, the Department of Justice ("DOJ") did not disclose material evidence, despite having access to it, failed to correct false statements, and acted as sole intermediary between Plaintiff and the Court regarding any hearing requests and accommodation information. *Id.*  The DOJ did not, however, transmit Plaintiff's 2022 hearing request and accommodation information, resulting in dismissal of the action. *Id.*

B.   Causes of Action and Remedies

The first two causes of action are brought under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c)-(d).  ECF No. 3 at 25-33.  The FAC argues that Defendants formed an association-in-fact under 18 U.S.C. § 1961(4) with the common purpose of preventing Plaintiff's complaints from being adjudicated on the merits, both by suppressing evidence and advancing false or misleading narratives.  ECF No. 3 at 17-18.  It further argues that obstruction of proceedings, suppression of evidence, retaliation under color of state law, computer tampering, digital interference, making false statements to government agencies, and wire and mail fraud under 18 U.S.C. §§ 1341 and 1343 constitute predicate acts.  ECF No. 3 at 20-24, 26-

5

28.  These activities harmed Plaintiff by interfering with her statutory rights, depriving her of due process, and leading to her denial of services and benefits.  *Id.* at 24, 28.  As to the RICO conspiracy claim, Plaintiff asserts that every Defendant was part of a "tacit" and "explicit" understanding that their coordinated acts and parallel conduct would deprive Plaintiff of these rights.  *Id.* at 30.

Plaintiff's third cause of action, raised under 42 U.S.C. § 1983, asserts that Defendants acted under color of state law as DMV, EEO, and DFEH officers to deprive Plaintiff of various due process protections.  ECF No. 3 at 33-34.  They suppressed or failed to preserve material evidence, excluded Plaintiff from communications while coordinating responses amongst themselves, failed to investigate complaints in accordance with mandatory policy, and allowed an undisclosed conflict of interest to influence the investigation.  ECF No. 3 at 35.  The escalation of adverse treatment and denial of various services and benefits also served to penalize Plaintiff for trying to exercise these rights.  *Id.* at 36.

Finally, Plaintiff asserts a claim under the ADA based on the denial of her requested accommodation and Defendants' misrepresentation of how cooperative she was as she pursued it.  *Id.* at 38-39.  Defendants also falsely denied that they were on notice of her disability despite written notice, medical documentation, and injury reports.  *Id.* at 40.

The FAC seeks injunctive relief enjoining Defendants from relying on any "procedurally tainted records created through concealment, suppression, abandonment, or misrepresentation[,]" as well as any procedural outcomes or determinations obtained as a result.  *Id.* at 45.  Said injunction would also require corrective disclosures addressing all such misrepresentations and omissions, while enjoining any retaliation or interference with Plaintiff's ability to obtain testimony, records, or evidence through lawful means – including via coordination with other government agencies or employees.  *Id.* at 46.  Plaintiff then seeks compensatory and treble damages with pre- and post-judgment interest and cost of suit, along with declaratory relief finding all Defendants jointly and severally liable for such damages based on their participation in the joint enterprise of racketeering activity that harmed Plaintiff's property interests.  *Id.* at 47.

////

### III.   ANALYSIS

#### A.   Irrelevant Defendants

The requirement that the pleadings sufficiently state a claim applies independently to each claim and each defendant. *See, e.g., Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 2010 WL 384736 at \*3 (N.D. Cal. Jan. 29, 2010) (articulating the elements of a RICO claim before noting that "[t]hese requirements must be established as to each individual defendant.") The FAC names various DMV employees as Defendants who allegedly engaged in the conspiracy to prevent fair adjudication of her claim on the merits.  Of these, however, the FAC mentions Defendants George McGinnis, Beatrice Quinonez, Sheila Evans, Debra Monroe, Latoya Guiton, Tammy Watson, Jackie Fayne, Jeanette Binion, and Fitzroy Davis only when identifying them as state employees.  ECF No. 3 at 6.  There are no specific allegations about what any of them did to harm Plaintiff.  Any assertion that they participated in a conspiracy against Plaintiff is fully conclusory.  Plaintiff fails to state any claim against these Defendants.

#### B.   Res Judicata as to the ADA Claim

The core nexus of factual allegations in this action concern the denial of an unspecified accommodation under the ADA (ECF No. 3 at 10-11), retaliation against Plaintiff for both requesting an accommodation and whistleblowing (*Id.* at 11-12), and misconduct during the EEO investigation and federal civil suit that followed (*Id.* at 12-17).  Although Plaintiff does not reference the prior federal suit by name, the Court has determined that it was *Barnett v. California Department of Motor Vehicles*, in which summary judgment was granted against Plaintiff.  Case No. 2:17-cv-01517-TLN-CKD, 2025 WL 894990 (E.D. Cal. Mar. 24, 2025) ("*Barnett I*").  On its own motion, the court judicially notices the operative Second Amended Complaint in *Barnett I.*  Second Am. Compl., Dkt. No. 32 ("*Barnett I* SAC"), Case No. 2:17-cv-01517-TLN-CKD (E.D. Cal. Oct. 6, 2021); Fed. R. Evid. 201(b)-(c).

The doctrine of *res judicata*, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *United States v. Tohono of Odham Nation*, 563 U.S. 307, 315 (2011) (internal quotation marks omitted).  This doctrine only applies when there is "(1) an identity of claims, (2) a final

judgment on the merits, and (3) privity between parties." *Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks and citation omitted).

Identity of claims depends not on the "legal label" attached, but rather if "two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (citations and quotations omitted); *see also In re JPMorgan Chase Derivative Litig.*, 263 F.Supp.3d 920, 929 (E.D. Cal. 2017) (reaffirming that claim preclusion extends to claims "that were or could have been raised in that action."). The *Barnett I* SAC asserts multiple claims against DMV employees for discrimination against Plaintiff based on her disabilities (*Barnett I* SAC at 12-13), refusal to accommodate her disabilities or engage in the interactive process to find a way to do so (*id.* at 14-16), and retaliation against her for requesting the accommodation (*id.* at 17-18). These claims target precisely the same conduct as her current claim for ADA discrimination, as well as how conduct during the litigation of these claims in *Barnett I* perpetuated said discrimination. *See* ECF No. 3 at 37-43.

Plaintiff may argue that even after excluding extraneous defendants (*see supra* III.A), privity of parties does not exist because the FAC in the instant action names four defendants not identified in the *Barnett I* SAC. The relevant allegations include Umstead's assault of Plaintiff in June 2016 (ECF No. 3 at 12), Covington's sexual harassment (*id.* at 22), Johnson's tampering with Plaintiff's computer access to disrupt efforts to collect evidence against the DMV (*id.* at 22), and Musquez's efforts to suppress evidence of discrimination in her capacity as the EEO or DFEH investigator assigned to Plaintiff's administrative complaint (*id.* at 6). Of these, Johnson's computer tampering is irrelevant to any allegations of discrimination under the ADA based on the denial of accommodations.

In any case, when the parties in a prior action are not identical to those in the current matter, privity of parties may exist when, *inter alia*, there was "'substantial identity' between the party and nonparty, where the nonparty 'had a significant interest and participated in the prior action,' and where the interests of the nonparty and party are 'so closely aligned as to be virtually representative.'" *In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997). The core argument of

8

Plaintiff's other claims is that every Defendant in this action colluded to frustrate Plaintiff's litigation efforts in *Barnett I* and ensure that the Court did not find the DMV liable for discrimination. *See infra* III.C; ECF No. 3 at 25-28, 30-32, 34-36. The interests of every Defendant in this action, particularly the DMV employees, were sufficiently aligned towards that goal.

*Res judicata* bars Plaintiff's claim under the ADA, which should therefore be dismissed without leave to amend.

### C. RICO, 42 U.S.C. § 1983, and Allegations of Fraud

The RICO Act prohibits those "employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce," from contributing to any such enterprise through either "racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To adequately plead such a claim, "a plaintiff must allege that the defendant engaged in: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Black v. Corvel Enterprise Comp Inc.*, 756 Fed. Appx. 706, 708 (9th Cir. 2018) (citing *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)). Such racketeering activity constitutes a pattern if at least two such acts occur within ten years of each other. *Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000) (quoting 18 U.S.C. § 1961(5)).

Another subsection of the RICO Act, 18 U.S.C. § 1962(d), prohibits any conspiracy to violate 18 U.S.C. § 1962(c). There can be no RICO conspiracy claim where there is no adequately pled substantive RICO offense. Moreover, to sustain a claim under § 1962(d), a plaintiff must plead facts which show "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense." *Samuelson v. Jewell School District 8*, 725 F.Supp.3d 1195, 1208 (D. Or. 2024) (quoting *United States v. Rosenthal*, 805 F.3d 523, 530 (5th Cir. 2015)). The "key question" in a RICO conspiracy case is whether the defendant "knew about and agreed to facilitate" a scheme that would involve the commission of two predicate acts. *United States v. Fiander*, 547 F.3d 1036, 1041 (9th Cir. 2008) (quotation marks omitted).

Plaintiff's RICO claims assert that government officials across the DMV, EEO, and DFEH formed an "enterprise" that knowingly conspired to suppress Plaintiff's administrative complaints, obstruct any investigation into DMV conduct, retaliate against protected activity like filing suit, and suppress evidence to ensure that such suit failed.  ECF No. 3 at 25-26, 29-30. Plaintiff also reframes these same factual allegations into a § 1983 claim, insofar as the Defendants thereby acted under color of law to deprive Plaintiff of procedural due process in *Barnett I. Id.* at 33-37.

### 1.    Preclusion of the *Barnett I* SAC

As discussed above, claim preclusion bars relitigation of claims that were or could have been raised in an earlier action against the same defendants or those in privity with said defendants.  *See supra* III.B; *In re JPMorgan Chase Derivative Litig.*, 263 F.Supp.3d at 929. Issue preclusion, meanwhile, prohibits "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs by way of a different claim."  *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)).

Between these two principles, Plaintiff is precluded from pursuing RICO and 1983 claims to the extent that they are based on any conduct outlined in the *Barnett I* SAC.  Plaintiff is also precluded from pursuing these claims based on factual allegations she could have included in said SAC even if she did not choose to do so.  In other words, any RICO or 1983 claim cannot be based on Defendants' misconduct on or before October 6, 2021, including but not limited to conduct that contributed to the pattern of disability discrimination previously alleged.

### 2.    Statutes of Limitations

The statute of limitations for Civil RICO actions is four years, calculated from the date a plaintiff knew or should have known of the injury underlying the claims.  *Marshall v. Goguen*, 604 F. Supp. 3d 980, 1002 (D. Mont. 2022); *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001).  1983 claims lack a federal limitations period and therefore mimic the statute of limitations for personal injury actions in the forum state, which is two years in California, again from the date the Plaintiff knew or should have known of the underlying injury.  Cal. Code Civ. P. § 335.1;

*Butler v. Nat'l Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014).

The original pleadings in this action were filed on December 12, 2025. ECF No. 1. The FAC does not plead any facts to suggest that Plaintiff was ignorant of any injury Defendants inflicted upon her. Such an assertion would be frustrated by the allegation that Defendants' pattern of misconduct was essentially part of a larger campaign to escape liability for any disability discrimination predating and underlying the *Barnett I* SAC. *See infra* III.C; ECF No. 3 at 25-28, 30-32, 34-36. In the absence of excusable ignorance, Plaintiff's RICO and 1983 claims cannot be based on conduct predating December 12, 2021 and December 12, 2023, respectively.

### 3. Sufficiency of the Claims

Preclusion aside, although the FAC makes various allegations as to how the enterprise achieved its goals (ECF No. 3 at 20-24, 26-28, 31-32), not all these acts qualify as racketeering activity under 18 U.S.C. § 1961(1). For example, although the FAC alleges Defendants made false statements to investigators, agencies, and courts (ECF No. 3 at 23, 26), perjury alone does not qualify as a predicate act unless related to obstruction of a <u>criminal</u> investigation. 18 U.S.C. § 1961(1); *Rand v. Anaconda-Ericsson, Inc.*, 623 F. Supp. 176 (E.D.N.Y. 1985). Meanwhile, racketeering may include "obstruction of justice," but only as defined in 18 U.S.C. § 1503, which involves intimidation of a juror or officer of the court. 18 U.S.C. §§ 1503(a), 1961(1); *cf.* ECF No. 3 at 20-21, 26 (alleging "obstruction" only insofar as Defendants denied knowledge of assault, harassment, or retaliation and concealed evidence of such knowledge). Nor does any predicate act encompass tampering with physical evidence during a civil action. ECF No. 3 at 27. Finally, retaliation against Plaintiff as a whistleblower and a civil litigant (*Id.* at 21-22, 27) only qualifies as a predicate act when it causes death, bodily injury, or harm to tangible property, which Plaintiff does not allege. *See* 18 U.S.C. § 1513.

Only one of the listed predicate acts might substantiate Plaintiff's RICO claim, but it is not adequately pled in the FAC. Mail and wire fraud both require "(1) a scheme to defraud, (2) the use of either the mail or wire, radio, or television to further the scheme, and (3) the specific intent to defraud." 18 U.S.C. § 1341, 1343; *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017). The scheme that constitutes the first element may be "any scheme to deprive another

11

of money or property by means of false or fraudulent pretenses, representations, or promises." *Id.* (quoting *Carpenter v. United States*, 484 U.S. 19, 27 (1987)).  Plaintiff alleges that Defendants used mail and other interstate communication systems to "coordinate retaliatory and obstructive conduct" and "maintain a false record and…prevent meaningful investigation or correction of misconduct."  ECF No. 3 at 24.  Among other problems, Plaintiff does not identify whether or how Defendants' alleged scheme sought to deprive Plaintiff of money or property, as opposed to some other inchoate interest.

Moreover, any allegations of fraud must be pled with particularity.  Fed. R. Civ P. 9(b).  Courts apply this standard to any allegations of mail or wire fraud as a predicate act to a RICO claim.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 2004); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme").  Courts also apply this heightened standard to any claim of judicial deception, the primary grievance underlying Plaintiff's RICO and § 1983 claims.  ECF No. 3 at 25-37; *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1148 (9th Cir. 2021).

Plaintiff vaguely alleges that "[m]ultiple statements" by Defendants feigned ignorance of any harassment or retaliation directed towards Plaintiff (ECF No. 3 at 13), yet fails to identify any one such statement with any specificity.  She alleges that DOJ attorneys "failed to correct false statements" and "disclose material evidence" (ECF No. 3 at 15), but never identifies what those statements were or when they were made.  These allegations do not satisfy Rule 9(b) as to fraudulent intent or judicial deception.  Plaintiff has therefore failed to plead sufficient facts to state a claim under either the RICO Act or 42 U.S.C. § 1983.

D. Conclusion

The FAC pleads a claim under the ADA that is barred under *res judicata*.  It also fails to plead sufficient facts to state a claim under RICO or 42 U.S.C. § 1983, especially to the extent that they are based on the same facts as the ADA claim.  This is particularly true for Defendants McGinnis, Quinonez, Evans, Monroe, Guiton, Watson, Fayne, Binion, and Davis, for which the

FAC alleges no particular misconduct.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar*, 698 F.3d at 1213. It appears unlikely that Plaintiff can plead facts demonstrating that claim preclusion does not apply to her ADA claim. Leave to amend that claim should be denied.

Plaintiff may, however, be able to plead additional facts as to how Defendants are liable under RICO or 42 U.S.C. § 1983. Leave to amend is granted as to these claims. Plaintiff is informed, however, that any amended complaint must include specific allegations about evidence suppressed, reports falsely submitted, and communications between the Defendants as part of their efforts to improperly influence the effects of *Barnett I*. Because only mail and wire fraud qualifies as a predicate act under RICO (among Plaintiff's RICO theories), repleading this claim requires identifying specific communications exchanged in support of the conspiracy.

Plaintiff is informed, however, that the alleged communications, misrepresentations, or other factual allegations should not predate December 12, 2021 if pled to support a RICO claim. Nor should they predate December 12, 2023 if pled to support a 1983 claim. Plaintiff may allege prior misconduct only if she can plausibly allege that her ignorance of such incidents until those dates was excusable. In any case, such allegations cannot include any facts that Plaintiff included or could have included in her *Barnett I* SAC, and therefore cannot predate October 6, 2021. Plaintiff is further informed that an amended complaint may only assert claims against defendants for whom it adequately pleads underlying facts demonstrating their specific participation in the alleged conspiracy.

## IV.    AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the

13

proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named Defendant and allege facts to support each individual claim.  Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.     PRO SE PLAINTIFF SUMMARY

The magistrate judge finds your motion to proceed *in forma pauperis*, without paying the requisite filing fees, be granted.  Upon screening your First Amended Complaint ("FAC"), however, the undersigned finds that it is factually deficient for several reasons.  Your claim of discrimination under the ADA is an extension of the claims asserted and adjudicated in *Barnett v. California Dept. of Motor Vehicles*, Case No. 2:17-cv-01517-TLN-CKD ("*Barnett I*").  You are therefore prohibited from reasserting that claim here, and the undersigned is recommending its dismissal.

The FAC also does not include sufficient details as to what conduct underlies your claims under RICO and 42 U.S.C. § 1983.  It says nothing about how Defendants McGinnis, Quinonez, Evans, Monroe, Guiton, Watson, Fayne, Binion, and Davis participated in the conspiracy against you; that they were listed as Defendants in the previous action is inadequate.  Your allegations as

14

to the other Defendants lack sufficiently specific details regarding improper communications or suppressed evidence, given the heightened standards applied to allegations of fraud.

You may file an amended Complaint providing more specific details about such communications or misconduct, provided that you could not have reasonably included them in your Second Amended Complaint in *Barnett I*, filed on October 6, 2021. Such conduct also cannot predate December 12, 2021 – or December 12, 2023 if pled to support a claim under 42 U.S.C. § 1983 – without explaining why you were ignorant of such facts until then. Failure to amend the FAC to address these deficiencies will result in the undersigned recommending dismissal of these claims as well.

## VI. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED; and

2. Plaintiff shall have 30 days from the date of this order to file a Second Amended Complaint ("SAC") that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned will recommend that this action be dismissed.

DATED: June 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

15